SUE FAHAMI
Executive Assistant United States Attorney
District of Nevada
Nevada Bar No. 5634
ADAM FLAKE
Appellate Division Chief and
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Adam.Flake@usdoj.gov
Attorneys for the United States

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEVONTE DEVON JACKSON,<br><br>Defendant. | Case No. 2:25-cr-00240-GMN-BNW<br><br>**GOVERNMENT'S REPLY IN SUPPORT OF MOTION FOR STAY PENDING APPEAL** |

**Certification: This reply is timely.**

The government has requested a stay of proceedings in the district court pending the Ninth Circuit's resolution of the government's appeal of the Court's orders disqualifying Sigal Chattah from supervising these cases. Courts consider four factors in deciding whether to grant a request for a stay pending appeal: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 425–26 (2009) (citation omitted); *see, e.g.*, *American Fed. of Gov't Employees, AFL-CIO v. Trump*, 148 F.4th 648, 654 (9th Cir. 2025) (same).

1

The first two factors—likelihood of success and irreparable injury—are "the most critical" and "fall on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Mi Familia Vota v. Fontes*, 111 F.4th 976, 981 (9th Cir. 2024) (quotation marks omitted); *see Al Otro Lado v. Wolf*, 952 F.3d 999, 1007 (9th Cir. 2020). The Ninth Circuit has recognized that to justify a stay, a moving party must show, at a minimum, that it has a "substantial case on the merits" or that "serious legal questions are raised." *Leiva-Perez v. Holder*, 640 F.3d 962, 967–68 (9th Cir. 2011).

With respect to the first factor, these cases present novel and complex issues of statutory interpretation with profound implications for the doctrine of separation of powers that easily constitute "serious legal questions."

With respect to the second factor, defendants contend that the government "lacks any conceivable injury" because the government has, in accordance with this Court's order, filed statements that Ms. Chattah is no longer supervising these cases, and that a stay would not affect this certification requirement. *See* Opposition ("Opp.") at 7–8. The government disagrees. Unless otherwise instructed by the Court, the government will interpret a stay as relieving Ms. Chattah from the prohibition on supervising these cases until the Ninth Circuit makes a decision on the merits. The Ninth Circuit has repeatedly recognized the harm created by "denying the duly elected branches the policies of their choice." *Immigrant Defs. L. Ctr. v. Noem*, 145 F.4th 972, 994 (9th Cir. 2025) ("we acknowledge the harms involved in denying the duly elected branches the policies of their choice"); *Am. Fed'n of Gov't Emps., AFL-CIO*, 148 F.4th at 656 (same); *see also United States v. Williams*, 68 F.4th 564, 570 (9th Cir. 2023) ("the effect of any attorney disqualification order is fairly irreversible because it materially changes" the party's position, and if the case is allowed to proceed under such circumstances, no remedy will be available).

2

Defendants also argue that "[i]t is unclear what precise practical benefit the government seeks to obtain by seeking a stay." Opp. At 8. A stay will prevent harm to the government in at least two ways. First, it will allow Ms. Chattah to supervise the litigation seeking to disqualify her. Second, many other criminal defendants in the district have now filed motions seeking to disqualify Ms. Chattah from supervising their cases.[1] While the government has opposed these motions, they could potentially result in Ms. Chattah being disqualified from all those cases. A stay will allow Ms. Chattah to supervise litigation in the district as she chooses while the appeal is pending.

Defendants claim that "the government's prior representations about Ms. Chattah's lack of supervision in the four cases at issue here provides reason to question the extent to which she intends to provide meaningful supervision in criminal cases in this district." Opp. at 10. But prior to the Court's order disqualifying her, Ms. Chattah was supervising the litigation regarding her disqualification. Moreover, the fact that she was not involved in other aspects of the litigation in those four cases does not mean that she does not intend to provide meaningful supervision in any case, which could be the effective result of the Court's order if unstayed, based on the large number of motions to disqualify defendants in the district have filed, as noted above.

With respect to the third factor, defendants claim a stay will harm them, Opp. at 10, but such harm will be minimal. The defense has moved to expedite the appeal, and other than the defendants' attempt to file a cross-appeal, the government has agreed. *United States v. Jackson et. al*,

---

[1] *See, e.g.*, *United States v. Ward*, 2:08-cr-00224, ECF No. 119; *United States v. Devaughn*, 2:25-cr-119, ECF No. 20; *United States v. Solomon*, 3:22-cr-00022, ECF No. 250; *United States v. Brose,* 3:23-cr-00017, ECF No. 85; *United States v. Recinos-Valdez et. al.*, 3:25-cr-00010, ECF No. 53; *United States v. Rodriguez,* 3:25-cr-00030, ECF No. 14; *United States v. Webber*, 2:25-cr-00229, ECF No. 17; *United States v. Staples,* 2:23-cr-201, ECF No. 90; *see also United States v. Spurlock*, 3:23-cr-22, ECF No. 718 (new trial motion based on disqualification cases).

3

25-6214, ECF Nos. 7, 8. If the Ninth Circuit expedites the appeal, that court is likely to hear argument in December and presumably decide the case in short order thereafter. A brief stay will merely preserve the status quo. *See Mi Familia Vota*, 111 F.4th at 984 ("A judicial stay is ordinarily a mechanism to preserve, not upset, the status quo pending appeal.").

With respect to the fourth factor, defendants claim that a stay will harm the public interest by repeating their view of the merits of the case, but such an argument would have the first factor subsume the fourth factor. Opp. at 11. Preserving the status quo while the Ninth Circuit resolves the important issues presented in this case protects the public interest in the proper administration of justice.

Accordingly, the government requests a brief stay, similar to the one granted by the district court in *United States v. Giraud*, 1:24-cr-768 (D.N.J.), ECF No. 145, to preserve the status quo while the Ninth Circuit resolves these important issues on appeal.

## CONCLUSION

Based upon the above and the government's stay motion, this Court should grant a stay of the disqualification order pending appeal.

Dated: October 20, 2025

SUE FAHAMI
Executive Assistant United States Attorney

*/s/ Adam Flake*
_____
ADAM FLAKE
Appellate Division Chief and
Assistant United States Attorney