TODD BLANCHE
Acting Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
Nevada Bar Number 8264
TINA SNELLINGS
Assistant United States Attorney
District of Nevada
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Tina.Snellings@usdoj.gov
*Attorneys for the United States of America*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:25-cr-00240-GMN-BNW |
| Plaintiff, | **Stipulation for Protective Order** |
| v. | |
| DEVONTE DEVON JACKSON, | |
| Defendant. | |

The parties, by and through the undersigned, stipulate to the entry of a Protective Order as set out below, to prevent the unauthorized use and disclosure of Privacy Protected Information, as may be disclosed by the government or defense during the course of these proceedings.[1]

In support of this Stipulation, the parties state and agree as follows:

1.      For purposes of this Order, Privacy Protected Information ("PPI") is defined collectively as personal identifying information as set out in Fed. R. Crim. P. 49.1 and LR IC 6-1 and includes: Social Security Number; Names of Minor Children: Dates of Birth: Financial Account information; Taxpayer Identification Number; and Home/Residential

---

[1] Discovery sets 1 through 4 (US 000001-US 003888) have been provided to the defendant redacted and without a protective order. The requested order is intended for new documents to be released in discovery and if requested to produce the original discovery unredacted.

Address.

2.       Government disclosures required by rule, statute and the constitution may include things, documents, investigative  information, and material containing PPI.

3.       The disclosure of  PPI on the public court docket is specifically prohibited by local rule and Fed. R. Crim. P. 49.1. Further, the unauthorized use of PPI outside of the docket may impact adversely on the privacy interests of those individuals identified by the PPI.

4.       Accordingly, the parties stipulate and agree to the following protocols to prevent and protect against the improper use of PPI disclosed in the course of these criminal proceedings.

a.  Covered Individuals are defined as: defendant, co-defendant,  counsel for any defendant or co-defendant, and anyone assisting counsel in the defense of the case, to include any investigator, legal assistant, paralegal, and/or any testifying or consulting expert.

b.   Covered Individuals shall not:

i.   use disclosed PPI for any purpose other than preparing to defend against the charges in the Indictment or any further superseding indictment arising out of this case;

ii.   provide disclosed PPI to the custody and control of any individuals other than Covered Individuals; or

iii.   release disclosed PPI into the public domain except as required by rule or further Order of this Court.

5.       Nothing in this stipulation is intended to restrict the parties' use or introduction of the PPI a hearing or trial as authorized by rule or statute.

2

6.      Counsel for the defense shall inform any Covered Individual of the requirements of this Order.

7.      The parties reserve the right to seek to modify the terms of this Protective Order  pursuant to Federal Rule of Criminal Procedure 16(d)(1).

8.      The parties agree that there is good cause for entry of this Protective Order, pursuant to Rule 16(d)(1).

Submitted May 12th, 2026.

| Counsel for Devonte Devon Jackson | TODD BLANCHE<br>Acting Attorney General of the United States |
|---|---|
| */s/ Rick Mula* | */s/ Tina Snellings* |
| Rick Mula | Tina Snellings |
| Assistant Federal Public Defender | Assistant United States Attorney |

### ORDER

For good cause shown, IT IS SO ORDERED this __13th___ day of ____May_____, 2026.

_____

BRENDA N. WEKSLER
UNITED STATES MAGISTRATE JUDGE

3